

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 50019 | DATE | 2/20/2004 |
| CASE TITLE | | Augsburger vs. Firstar | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies plaintiff's motion to strike, grants defendant's motion for summary judgment as to all claims, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | FEB 23 2004 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | docketing deputy initials |
| ✓ | Mail AO 450 form. | 2-23-04 date mailed notice |
| ✓ | Copy to judge/magistrate judge. | |
| LC | courtroom deputy's initials | mailing deputy initials |
| | Date/time received in central Clerk's Office | |

Document Number 23

# MEMORANDUM OPINION AND ORDER

Plaintiff, Jesse Augsburger, filed a complaint against defendant, Firstar Bank, n/k/a US Bank, alleging she was terminated from her position as a personal banker based on race/national origin (she is Filipino) and age discrimination in violation of Title VII and the Age Discrimination in Employment Act, respectively. She also alleged she was subjected to harassment and was terminated in retaliation for complaining about the harassment. Defendant has filed a motion for summary judgment on all claims. Plaintiff, in response, has conceded that her claims for age discrimination and harassment are not supported by the evidence. She has also moved to strike portions of the affidavit of Cindy Werkheiser, the person responsible for both hiring and firing her, as inadmissible hearsay.

Before turning to the merits of the remaining claims of discrimination and retaliation, the court denies the motion to strike portions of the Werkheiser affidavit. The customer complaints referred to therein and relied on by Werkheiser as a partial basis for terminating plaintiff are not hearsay as they are not offered to prove their truth, but rather, to show that Werkheiser honestly relied on them in terminating plaintiff. See Brill v. Lante Corp., 119 F. 3d 1266, 1271 (7th Cir. 1997).

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Windle v. City of Marion, 321 F. 3d 658, 660 (7th Cir. 2003).

A plaintiff may show she was the victim of discrimination or impermissible retaliation in the workplace either by providing direct evidence of discrimination or by proceeding under the indirect, burden-shifting method. Johnson v. Cambridge Industries, Inc., 325 F. 3d 892, 896 (7th Cir. 2003). The indirect approach requires a plaintiff to first establish certain prima facie elements for either discrimination or retaliation. Johnson, 325 F. 3d at 897. Once this is done, the burden of production shifts to the defendant to offer a permissible, noninvidious reason for the employment action. Johnson, 325 F. 3d at 897. If the defendant does so, the plaintiff may rebut that evidence by showing that the defendant's reason is a pretext for discrimination. Johnson, 325 F. 3d at 897.

To establish a prima facie case for discrimination, a plaintiff must show she belongs to a protected group, she was performing her job to her employer's satisfaction, she suffered an adverse employment action, and that a similarly situated employee who was not a member of the protected class was treated more favorably by the employer. Johnson, 325 F. 3d at 897. The prima facie case for retaliation requires a plaintiff to show that: (1) she engaged in a statutorily protected activity; (2) she performed her job according to her employer's legitimate expectations; (3) despite her satisfactory job performance, she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated employees that did not engage in statutorily protected activity. Sitar v. Indiana Department of Transportation, 344 F. 3d 720, 728 (7th Cir. 2003).

In this case, plaintiff has pointed to no direct evidence of discrimination or retaliation. The court, therefore, proceeds to the indirect, burden-shifting analysis.

As to the prima facie case for both discrimination and retaliation, while plaintiff attempts to dispute whether she was meeting defendant's legitimate expectations, there is sufficient undisputed evidence that she was not based on customer complaints, prior performance evaluations, and a customer satisfaction survey (conducted by an outside agency) which indicated she was below expectations. While she points to the affidavits of certain customers and fellow employees that she was doing her job satisfactorily, the relevant question is whether she was meeting defendant's expectations and not those of anyone else. Further, none of the affidavits submitted by plaintiff directly refute some of the customer complaints, the performance evaluations, and the customer satisfaction survey relied on by Werkheiser in her decision to fire plaintiff. Plaintiff has, therefore, failed to establish a prima facie case of discrimination or retaliation, and defendant is entitled to summary judgment on that basis alone.

Even assuming she has established a prima facie case of discrimination or retaliation, her claim for discrimination still fails as she has not shown that defendant's expressed reason for termination, poor customer relations, was pretextual. Plaintiff attempts to demonstrate pretext by relying on the affidavits of some customers and fellow employees that state in their opinion she was performing her job satisfactorily. Defendant offers a variety of reasons for its conclusion that she was not performing her job satisfactorily, however, and plaintiff has not shown that all of them are questionable. See Brill, 119 F. 3d at 1270. Moreover, if defendant honestly believed that plaintiff was not performing her job satisfactorily, plaintiff loses even if the reasons were, foolish, trivial, or baseless. See Brill, 119 F. 3d at 1270. The issue of pretext does not address the correctness of a defendant's reasons, but rather, addresses whether the defendant honestly believed in its reasons. Brill, 119 F. 3d at 1279. Defendant is entitled to summary judgment on plaintiff's discrimination claim on this basis as well.

As for the retaliation claim, plaintiff has also failed to show that defendant's reason for terminating her was a pretext for retaliation. The only complaint she made was an isolated comment to Werkheiser about a co-worker mimicking her accent. After she complained, there were no more instances of such mimicking which would seem to suggest that Werkheiser responded constructively to the complaint. More importantly, assuming such an isolated complaint constituted protected activity, it was remote in time to plaintiff's termination. Further, it fails to put a dent in defendant's overwhelming evidence of its reason for terminating plaintiff based on inadequate job performance. Thus, plaintiff is also entitled to summary judgment on plaintiff's retaliation claim on this basis as well.

Finally, defendant claims it is entitled to an inference of nondiscrimination because Werkheiser was the person who both hired plaintiff and fired her. There is a line of cases in this circuit that recognizes such an inference (some suggest it is a rebuttable presumption) where the plaintiff is hired and fired by the same decision-maker in a relatively short time span. See Chiaramonte v. Fashion Bed Group, Inc., 129 F. 3d 391, 399 (7th Cir. 1997) (applies to age claim); EEOC v. Our Lady of the Resurrection Medical Center, 77 F. 3d 145, 152 (7th Cir. 1996) (applies to race claim); Rand v. CF Industries, Inc., 42 F. 3d 1139, 1147 (7th Cir. 1994) (age). While a "relatively short" period of time is a flexible concept, at least one case has applied the inference to a termination that took place "less than two years" after retaining the plaintiff following a merger. Chiaramonte, 129 F. 3d at 399.

Here, defendant acquired plaintiff's former employer in 1999. Werkheiser, who hired plaintiff originally in 1997, continued to have managerial responsibility over plaintiff after the acquisition. A little more than two years later, Werkheiser made the decision to terminate plaintiff. Under these circumstances, there is a strong inference of nondiscrimination by Werkheiser in the decision to terminate plaintiff. Plaintiff has failed to rebut that inference as to either her discrimination or her retaliation claims. This provides an additional reason for granting summary judgment in favor of defendant.

For the foregoing reasons, the court denies plaintiff's motion to strike, grants defendant's motion for summary judgment as to all claims, and dismisses this cause in its entirety.